(Continued on page 577)

---

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 645

### GRASSELLI CHEMICAL CO. v. MARTINEC

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8369.   Decided July 5, 1927.

Farr and Pollock, JJ., of the 7th District sitting by designation, with Vickery, J., of the Eighth District.

**1265. WEIGHT OF EVIDENCE — 915.** Personal Injury—Verdict, granting compensation where record shows that claimant claimed injury to ankle from fall in course of employment; that ankle had been in infected condition for ten years prior to spraining; that claim for compensation was not made for more than one year after accident; that wife solicited financial aid from employer without making mention of injury, is against weight of evidence.

**225. CHARGE OF COURT—Where record** discloses only general exception to charge, with no request for further definition of issues, error in defining issues to jury is waived.

**148. BILLS OF EXCEPTIONS—Misconduct of counsel in going outside record in** argument must be brought into record by certificate of trial judge and cannot be introduced by affidavit.

Appeal from Industrial Commission to Common Pleas. Judgment for claimant. Error to Common Pleas. Judgment reversed.

**First Publication of this Opinion**

FARR, J.

Martinec, while in the employ of the Chemical Company, and using a wheelborrow in the course of his employment, stepped into a hole and sprained his ankle. Following this, serious trouble arose with the ankle in question.

The Company is a self-insurer under the compensation law of Ohio, and Martinec filed his claim with the Industrial Commission. The claim was denied upon the ground that the injury was not sustained in the course of employment. Martinec took an appeal to the Common Pleas Court, where a judgment was rendered in his favor. Error is prosecuted to this court on the grounds that the verdict is against the weight of the evidence, that the court erred in defining the issues to the jury, that there was misconduct on the part of the plaintiff's counsel in going outside the record in argument.

It is claimed that the verdict is against the weight of the evidence on the issue of accidental injury in the course of employment and on the issue of causal connection between the alleged injury and the period of disability. The record discloses that the claimant had been suffereing with trouble in the ankle claimed to have been injured, for a period of about ten years. He was afflicted with large ulcers on the ankle, which, it is urged, was a result of the injury. The record further discloses that an X-Ray specialist who examined Martinec found that he was suffereing from a disease and wasting away of the bones, and that the X-Ray plate showed a Charcot joint in this ankle.

Claimant was attended at Lakeside Hospital by Dr. Korns, a specialist who diagnosed this trouble as cerebro-spinal fluid Wasserman test negative. This doctor obtained a history from him, including the swelling of the joint one year prior to the date of the examination, and an intermittently discharging ulcer on the foot for a period of ten years.

The record shows that the claimant had worked rather steadily up to the time of the accident, and had not worked since then. More than ten affidavits of his fellow employees were filed with the statement that he was off work for short periods at times, and unable to wear a shoe. It is also quite significant that the claimant made no complaint whatever to his employers at the time of the claimed injury, nor for perhaps more than a year thereafter. It is also disclosed that, probably at his request, his wife called upon his employers upon two occasions soliciting financial aid, and yet made no mention of the injury having been sustained by her husband.

In the light of this testimony, the conclusion must be that the verdict and judgment are against the weight of the eveidence, because the testimony discloses the existence and continuance of infection for at least ten years prior to the time of the claimed injury.

It is claimed that the court erred in defining the issues to the jury as to the extent of the disabiliy of claimant. An examination of the record discloses that there was only a general exception to the charge and it must be conceded that since there was no request for a further definition of the issues, the plaintiff in error is held to have waived same. Cleveland Railway Co. v. Ritter, 67 OS. 53.

It is insisted that the judgment should be reversed because of misconduct of counsel for plaintiff below in going outside the record in argument. It is disclosed that this question is sought to be raised by an affidavit which is attached to the file papers in the case, but which was not made a part of the original bill of exceptions, or made into a new one. That issue cannot now be considered by this court upon review, because of the principal announced in the case of State v. Young, 77 OS. 529.

Judgment reversed.

(Pollock and Vickery, JJ., concur).

Attorneys—Squire, Sanders & Dempsey for Chemical Co.; Cerrezin & Wilson for Martinec; all of Cleveland.